# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### ASHLAND

**Civil Action No. 04-cv-163HRW**

**WILLIAM C. BELLAMY,**                                                  **PLAINTIFF,**

**v.**                          **MEMORANDUM OPINION AND ORDER**


**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for  the reasons set forth herein,  finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on May 2, 2003 (Tr. 51-57), alleging disability beginning on April 11, 2003, due to shortness of breath, chronic obstructive pulmonary disease, asbestosis of the lungs, hearing difficulties, sleep problems and back pain (Tr. 66).  This application  was

denied initially and on reconsideration.  On March 16, 2004, an administrative

hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter

"ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 221-243).  At the

hearing, Leah Salyers, a vocational expert (hereinafter "VE"), also testified (Tr.

244-247).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not
disabled.

Step 2:  If the claimant is not performing substantial gainful work, his
impairment(s) must be severe before he can be found to be disabled based
upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a
severe  impairment (or impairments) that has lasted or is expected to last for
a continuous period of at least twelve months, and his impairments (or
impairments) meets or medically equals a listed impairment contained in
Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without
further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him
from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from
performing his past relevant work, if other work exists in significant
numbers in the national economy that accommodates his residual functional
capacity and vocational factors, he is not disabled.

On August 12, 2004, the ALJ issued his decision finding that Plaintiff was

not disabled (Tr. 11-19).  Plaintiff was 54 years old at the time of the hearing

decision (Tr. 11).  He  has a high school education (Tr. 11).  His past relevant work

experience consists of work as a heavy equipment repairman (Tr. 11). At Step 1 of

the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial

gainful activity since  the alleged onset date of disability (Tr. 12).  The ALJ then

determined, at Step 2, that Plaintiff suffered from asbestosis, mild degenerative

disc disease of his cervical spine and mild spinal stenosis with chronic pain, which

he found to be "severe" within the meaning of the Regulations (Tr. 12).  At Step 3,

the ALJ found that Plaintiff's impairments did not meet or medically equal any of

the listed impairments (Tr. 13).  In doing so, the ALJ specifically considered

listings 3.02 and 1.04 (Tr. 13).  The ALJ further found that Plaintiff could not

return to his past relevant work (Tr. 19) but determined that he  has the following

residual functional capacity ("RFC"):

> [T]o lift 50 pounds occasionally, 25 pound frequently.
> He is able to stand and walk for 6 hours and sit for 6
> hours in an 8 hour work day.  The work should involve
> no more than frequent push/pull with his upper
> extremities or the operation of hand controls.  Non-
> extertionally, the work should involve no more than
> frequent reaching over his head, never exceeding the
> exertional limit.  He should avoid exposure to fumes,
> gases and extreme heat.

(Tr. 16).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded

that the Plaintiff could perform a significant range of medium work, such as produce packager, machine tender and assembler (Tr. 19).  The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19).  Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 30, 2004 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 6] and this matter is ripe for decision.

## III.  ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly rejected the opinions of Plaintiff's treating physicians and (2) the ALJ failed to address the Plaintiff's mental limitations.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly rejected the opinions of Plaintiff's treating physicians. Specifically, Plaintiff argues that the opinions of Dr. Terry Meredith and Dr. Jason are entitled to deference over those of the state agency physicians.

In order to be given controlling weight, the opinions of a treating source on

5

issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The November 2003 assessment by Terry Meredith, D.C., which essentially limited Plaintiff to less than a sedentary level of activity (Tr. 188-191) was explicitly rejected by the ALJ (Tr. 16). First, the ALJ noted that the dire limitations were not supported by Dr. Meredith's own notes, much less the other credible evidence of record. Moreover, the ALJ correctly stated that as a chiropractor, Dr. Meredith is not considered to be an acceptable medical source under the relevant regulations, and, thus, not entitled to controlling weight. *See,* 20 C.F.R. § 404.1513. The Court finds no error in the ALJ's rejection of Dr. Meredith's opinion.

Dr. Rice, too, limited Plaintiff to less than sedentary work (Tr. 139-141). However, this opinion was rendered on the basis of a single examination. Further, it appears to be based in large part upon Plaintiff's subjective complaints. The ALJ noted that Dr. Rice conducted no diagnostic testing which may have lent credence to his opinion. Given the lack of supporting evidence, the Court finds no error in

6

the ALJ's discounting of Dr. Rice's opinion.

In addition, Plaintiff's own testimony undercut the extreme limitations suggested by Dr. Meredith and Dr. Rice.  For example, the record reveals that Plaintiff performs some household chores, runs errands, attends church several times a week, mows the lawn with a riding mower and goes to the movies (Tr. 75-78, 234-241).  The Sixth Circuit Court of Appeals has stated that an ALJ may consider household and social activities in evaluating complaints of disability.  *See, Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990).

In this case, the hypothetical posed by the ALJ to the VE accurately portrays the RFC as formulated based upon the objective  medical evidence.   As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

Plaintiff's second claim of error is that the ALJ failed to address the Plaintiff's mental limitations.  As the defendant points out, this argument is without merit as the ALJ devoted almost two pages to a discussion of the psychological findings of Andrea Evans, Ph.D. and Barry Atkins, M.A.  (Tr. 13-14).  Indeed, the ALJ accepted Dr. Evans' finding that Plaintiff has a dystemic disorder and, as a result thereof, exhibits mild limitation in social functioning,

concentration, persistence and pace (Tr. 14).  However, these difficulties would not preclude Plaintiff's ability to engage in substantial gainful activity.  Dr. Evans noted that Plaintiff's thought process was unremarkable, speech was relevant and coherent, judgment appeared good and fund of information adequate (Tr. 152-156).  Notably, Plaintiff reported that his  psychological symptoms are ameliorated with Wellbutrin (Tr. 154).  Conditions which are amenable to treatment or controllable with medication are generally not considered to be disabling.  *Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984).   Given these factors, the Court finds that the ALJ correctly concluded that Plaintiff's mental impairments do not render him disabled.

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.   This June 8, 2005.



Signed By:

*Henry R Wilhoit Jr.*

United States District Judge